IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS BROADCASTING INC., CBS STUDIOS INC., NBCUNIVERSAL MEDIA, LLC, NBC STUDIOS, LLC, UNIVERSAL NETWORK TELEVISION, LLC, TELEMUNDO NETWORK GROUP LLC, WNJU-TV BROADCASTING LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AEREO, INC.,<br><br>Defendant. | No. 1:13-mc-00059-JSS<br><br>Related to Case No: 12-cv-01540 (S.D.N.Y.)<br><br>SYNCBAK'S REPLY IN SUPPORT OF ITS MOTION FOR AWARD OF ATTORNEYS' FEES INCURRED<br><br>Oral Argument Requested |

But for Aereo's[1] "fishing expedition" here (Ruling (Doc. 24), p. 15) *in breach of the order in the underlying Action* specifically denying Aereo's efforts to discover third-party *authorized technology*, Syncbak would not have incurred any legal fees to protect its technology from its competitor's unjustified grab for it under the guise of the Subpoenas.[2] Had Aereo (1) pursued parties to the action, like CBS, for this discovery (it has not to this day, because the court in the Action prohibited it) instead of unduly burdening Syncbak with this; (2) complied with the underlying court's order prohibiting this discovery; or (3) tried in good faith to negotiate a resolution of its dispute with Syncbak rather than pushing for Syncbak's full compliance with

---

[1] The terms and definitions set forth in Non-Party Syncbak Inc.'s Motion for Attorneys' Fees Incurred and Brief in Support (Docs. 25, 25-1) are incorporated here by reference.

[2] Syncbak's Bill of Costs (Doc. 26) should be granted and taxed against Aereo pursuant to LR 54.a.1.D, as Aereo does not resist it.

{01573507.DOCX}　　　　　　　　　　　1

its overly broad Subpoenas through the Hearing, Syncbak would have been spared the significant fees (damages) incurred here. Aereo did not, and so violated Fed. R. Civ. 45(c)(1), as this Court concluded (Ruling, p. 15). Accordingly, this Court "must enforce this duty and impose an appropriate sanction", which should include granting Syncbak's attorneys' fee request in full.

      1.    <u>When Served, Aereo's Subpoenas Imposed an Undue Burden</u>. Aereo had a responsibility to take steps *in the first instance* to avoid imposing undue burden and expense on Syncbak. Fed. R. Civ. P. 45(c)(1). Despite this and the Ruling quashing outright its Subpoenas as seeking irrelevant, overly broad and burdensome discovery from non-party Syncbak, Aereo continues claim, no less than 10 times in its Opp. Br., that its Subpoenas were "narrowly tailored", "limited", or "reasonable": " Aereo sought information related to only four *limited* topics … " (Opp., Doc. 27, p. 8) (emphasis added.) These statements are belied by the plain overbreadth of Aereo's discovery requests -- *twice drafted and served*, the Subpoenas sought, "All Documents concerning the function and features of Syncbak's technology". (Subpoenas, Doc. 2-4, p. 4.) This Court finally stopped Aereo's efforts by ruling Aereo sought information that was "not relevant" or was "simply a fishing expedition." (Ruling, pp. 14-15.) While non-parties such as Syncbak should be "afforded 'special protection against the time and expense of complying with subpoenas[]'" (*Miscellaneous Docket Matter No. 1 v. Miscellaneous Document Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999)), Aereo used the Action as a pretext to demand (under legal cover) Syncbak's technology and otherwise harass and cause Syncbak to needlessly incur fees. Aereo aggressively did so *all against the backdrop of a court-order prohibiting this same discovery* (*see* Judge Pitman's Order, Doc. 2-8, p. 2, denying Aereo's effort to discovery

authorized technology such as Syncbak's). Out of the gate Aereo violated not only a discovery order in the Action (sanctionable alone), but also Rule 45(c)(1).

2. <u>Aereo Refused to Withdraw or Narrow its Subpoenas</u>. Rule 45(c)(2)(B) requires parties to act promptly to protect their interests and avoid harm. As this Court observed: "[t]he copyright action pending in New York is legally and factually complex." (Ruling, p. 9.) When Aereo's original subpoenas were mailed to Syncbak (4/25/13, Doc. 19-9, p. 1), there were 17 parties and over 150 ECF Documents filed in the Action (pending since March 1, 2012), including summary judgment pleadings (Doc. 2-14). Aereo's counsel had the luxury of being familiar with these parties, the voluminous facts, legal positions and pleadings in the Action. Syncbak had to necessarily learn all of this, to support its defense against Aereo. The time Syncbak's counsel spent learning the Action, from the onset of this dispute, was required to construct a quick defense against Aereo's efforts to take trade secrets from its competitor and otherwise burden Syncbak's growth plans.

By May 17, Syncbak's counsel attempted to schedule a meet-and-confer. Aereo put Syncbak off, postponing the meet-and-confer until the eve of Syncbak's deadline (5/23/13, pursuant to Rule 45(c)(2)(B)) to move to quash. (*See* T. Klausner Decl., Doc. 2-3, pp. 2-3; Doc. 27-4, pp. 2-3.) When Syncbak suggested that Aereo adjourn the Subpoenas to provide the parties more time to discuss, Aereo refused. (*Id.*)

By July 31st, Syncbak had already been forced to master the Action, prepare and file its Motion to Quash (Docs. 2 through 2-14), and prepare and file its Reply Brief (Doc. 19 filed on July 15, 2013). Aereo demanded production of Syncbak's authorized technology, notwithstanding Judge Pitman's order denying Aereo's motion to compel production of

authorized technologies. (J. Pitman's 3/29/2013 Order, Doc. 2-8, p. 2; Ruling, p. 8.) Through the Hearing, Aereo insisted that Syncbak disclose not only the "what" of its *authorized*, location-based technology, but also the "how" of it -- Aereo continued to press for detailed trade secrets regarding the precise functionality of Syncbak's technology. (Transcript, pp. 26-27, attached as Exhibit 1.) Indeed, Aereo has never moved to compel this discovery from CBS in the Action, but rather bother Syncbak about it. (*E.g.,* the Action's Docket, Exhibit 2.)[3]

       3.    <u>Syncbak's Attorneys' Rates and Hours are Reasonable</u>. This is a New York dispute, fought by national companies represented by New York and other large market counsel. In *Sun Media Systems, Inc.*, 587 F. Supp. 2d 1059, 1077–78 (S.D. Iowa 2008), the court recognized: "[w]hile Plaintiff is generally correct that reasonable rates are, all other factors being equal, the prevailing market rates in a community . . . a strict adherence to the standards of the community where the litigation occurred is 'unduly parochial[,] particularly in this age of national and regional law firms working on larger more complex [ ] cases of more than local import." *See also Casey v. City of Cabool, Mo.*, 12 F.3d 799, 805 (8th Cir. 1993) ("'A national market or a market for a particular legal specialization may provide the appropriate market.'") Here, for the same reasons, New York rates are appropriate. While this Hearing took place within the Northern District of Iowa (Syncbak is located here), the Action is a complex copyright dispute pending in and with New York participants. Here Aereo's New York counsel

---

   [3] Particularly instructive is *Huntair, Inc. v. Climatecraft, Inc.*, 254 F.R.D. 677, 679-80 (N.D. Okla. 2008), where the court granted a non-party competitor's fee motion even after the defendant competitor narrowed its requests at the hearing – here, Aereo maintained its "fishing expedition" through the Hearing, unabated; *see also Precourt v. Fairbank Reconstr. Corp.*, 2011 WL 310740, at *3 (D.S.D Jan. 28, 2011) (awarding fees, in part because under Rule 45(c)(1) "a party should first seek those documents from the opposing party" before from non-parties).

participated in the meet-and-confer (T. Klausner Decl., Doc. 2-3, pp. 2-4), was exclusively responsible for resisting Syncbak's Motion to Quash (T. Lane Decl., Doc. 27-1, p. 6) and argued at the Hearing (Ruling, p. 2).

As additional proof that Syncbak's attorney rates are reasonable, Syncbak provides to the Court: Affidavit of Kevin H. Collins stating that an hourly rate of $240 is below market (Exhibit 3); Affidavit of R. Ries filed in the *Sun Media Systems*, stating that an hourly rate of $300 *in 2008* for copyright litigation was customary (Exhibit 4); Affidavit of J. Harty filed in the *Sun Media Systems* stating that an hourly rate of $350 *in 2008* for copyright litigation was customary (Exhibit 5); a 2/23/11 *Wall Street Journal* article recognizing that New York partner rates now sometimes exceed an hourly rate of $1000 (Exhibit 6).[4] *Heaton v. Weitz Co., Inc.*, 2007 WL 2301251, at *6 (N.D. Iowa 2007) (lodestar rate is "presumed", noting multiple counsel working together on matter is reflective of complex litigation today).

As Syncbak's LR 54.1.a summaries (Docs. 25-4, p. 1; 25-6, p. 1; Exhibit 7) demonstrate, it appropriately allocated the work between partners and associates, who collaborated on drafting pleadings and briefs (partners approximately 46% of their time, associates 45%, and paralegals 9%); legal research was primarily performed by associates (partners approximately 32% of their time, associates 68%). "'The most critical factor in the fixing of a reasonable fee is the overall success obtained.'" *Heaton*, 2007 WL 2301251, at *5.

Dated: October 28, 2013              /s/ Timothy J. Hill

---

[4] *See also OZ Management LP v. Ozdeal Inv. Consultants, Inc.*, 2010 WL 5538552, *3 (S.D.N.Y. 2010) ($675 per hour in New York acceptable *in 2010*); *Yurman Designs, Inc. v. PAJ, Inc.*, 125 F. Supp. 2d 54, 58 (S.D.N.Y. 2000) ($520 per hour in New York acceptable *in 2000*).

{01573507.DOCX}                             5

TIMOTHY J. HILL (#LI0015821)
    Direct Dial: (319) 861-8758
    Email: thill@bradleyriley.com
RAYMOND R. RINKOL JR. (#LI0023851)
    Direct Dial: (319) 861-8780
    Email: rrinkol@bradleyriley.com
BRADLEY & RILEY PC
2007 First Avenue SE
P.O. Box 2804
Cedar Rapids, IA 52406-2804
Phone: (319) 363-0101
Fax:    (319) 363-9824

                    AND

Tonia Ouellette Klausner
Email: tklausner@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Phone: (212) 999-5800
Fax:    (212) 999-5899
Attorneys for Non-Party Syncbak, Inc.

Copy to:

| | |
|---|---|
| Bruce P. Keller<br>bpkeller@debevoise.com<br>Matthew E. Fishbein<br>mefishbe@debevoise.com<br>Michael R. Potenza<br>mpotenza@debevoise.com<br>Debevoise & Plimpton, LLP<br>919 Third Ave., 31st Floor<br>New York NY 10022<br><br>Attorneys for Plaintiffs American Broadcasting Companies, Inc.; Disney Enterprises, Inc., CBS Broadcasting Inc., CBS Studios Inc., NBCUniversal Media, LLC, NBC Studios, LLC, Universal Network Television, LLC, Telemundo Network Group LLC, WNJU-TV Broadcasting | David J. Bradford<br>Jenner & Block LLP<br>353 N. Clark St.<br>Chicago, IL 60654<br>dbradford@jenner.com<br><br>Julie A. Shepard<br>jshepard@jenner.com<br>Kenneth D. Klein<br>kklein@jenner.com<br>Richard L. Stone<br>rstone@jenner.com<br>Jenner & Block LLP<br>633 West 5th St., Suite 3600<br>Los Angeles, CA 90071 |

{01573507.DOCX}                                   6

Scott Block Wilkens
swilkens@jenner.com
Steven R. Englund
senglund@jenner.com
Steven Bernard Fabrizio
sfabrizio@jenner.com
Joshua N. Friedman
joshuafriedman@jenner.com
Jenner & Block, LLP
1099 New York Ave., N.W., Suite 900
Washington, DC 20001-4412

<u>Attorneys for Plaintiffs</u> WNJU-TV Broadcasting LLC, WNET, Thirteen, Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, WPIX, Inc., Univision Television Group, Inc., The Univision Network Limited Partnership, Public Broadcasting Service

Leonard Frederick Lesser
Simon Lesser P.C.
420 Lexington Ave.
New York, NY 10170
llesser@simonlesser.com

Attorneys for Movants, IAC/Interactive Corp., FirstMark IV, L.P., First Round Capital III, L.P., Highland Capital Partners LLC, High Line Venture Partners, L.P., Lauder Partners LLC, SV Angel Management Holdings, LLC

Brian Joseph Doyle
byd@fr.com
Elizabeth Eilleene Brenckman
brenckman@fr.com
Fish & Richardson P.C.
601 Lexington Ave., 52nd Floor
New York, NY 10022

Jennifer A. Golinveaux
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111
jgolinveaux@winston.com

John Clifford Englander
Goodwin Procter, L.L.P.
Exchange Place, 53 State St.
Boston, MA 02109
jenglander@goodwinprocter.com

Kevin Kailun Su
su@fr.com
Mark S. Puzella
msp@fr.com
R. David Hosp
rdh@fr.com
Matthew Carl Berntsen
berntsen@fr.com
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02110

Danielle M. Shelton
dshelton@weinhardtlogan.com
Mark E. Weinhardt
mweinhardt@weinhardtlogan.com
Weinhardt & Logan, P.C.
2600 Grand Ave., Suite 450
Des Moines, IA 50312

Michael S. Elkin
melkin@winston.com
Seth Eliot Spitzer
sspitzer@winston.com
Thomas Patrick Lane
tlane@winston.com
Winston & Strawn LLP
200 Park Ave.
New York, NY 10166

Seth D. Greenstein
Constantine Cannon LLP
One Franklin Square
1301 K St., NW, Suite 1050 East
Washington, DC 20005
sgreenstein@constantinecannon.com

Tal Kedem
Ropes & Gray, LLP
1211 Avenue of the Americas
New York, NY 10036
kedem@fr.com

Attorneys for Defendant, Counterclaimant and Counterdefendant Aereo, Inc., Aereo, Inc. f/k/a Bamboom Labs, Inc.

Bobbie Wilson
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
bwilson@perkinscoie.com

Attorneys for NDR Providers Netflix, Inc., Amazon, Inc., Hulu, Inc.

Markham C. Erickson
Holch & Erickson LLP
400 North Capital St. NW
Washington, DC 20001
merickson@holcherickson.com

Attorneys for Amicus – Electronic Frontier Foundation

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document was served upon the following persons at the addresses indicated by CM/ECF electronic notification or by enclosing the same in an envelope with postage fully paid, and by depositing said envelope in a United States Postal Depository this __28th__ day of _October_, 20 __13__. I declare under penalty of perjury that the foregoing is true and correct.

/s/ Julie A. Pflughaupt

{01573507.DOCX} 8